IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| SODIBAR SYSTEMS, INC., *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No.: PWG-13-3399 |
| MARK SIMON, *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

A decades-old family business, which spans Maryland, Virginia, and Washington, D.C. and currently is embroiled in a no-holds barred struggle for control involving two brothers and their father,[1] is the subject of the lawsuit before me. Before reaching the merits, I must decide whether this Court has diversity jurisdiction, given that Plaintiffs are citizens of Maryland and Virginia, among other jurisdictions; the original Defendant is a citizen of Virginia; and the Defendant joined in the Amended Complaint is a citizen of Maryland.[2] Because Virginian Defendant Mark Simon has not established fraudulent joinder of the Virginian Plaintiff or shown that joinder of Maryland Defendant Alvin Simon is not necessary, I conclude that this Court does

---

[1] Plaintiffs are Sodibar Systems, Inc. ("Sodibar"), Sodibar System of Richmond, Va. Inc. ("Sodibar of Richmond"), and Calevas Laboratories, Inc. ("Calevas") (collectively, the "Corporations"), as well as David Brett Simon ("Brett"), derivatively on behalf of the corporations. Compl. 1, ECF No. 4. Defendants are Mark Simon and Alvin Simon. The Simons are referred to at times by first name, not out of lack of respect, but for clarity.

[2] The parties have briefed the matter in Defendant's Amended Notice of Removal, ECF No. 15; Plaintiffs' Response to Notice of Removal and Motion for Remand, ECF No. 27; Defendant's Opposition, ECF No. 37. A hearing is not necessary. *See* Loc. R. 105.6. As explained in this Memorandum Opinion, Plaintiffs' Motion for Remand is GRANTED.

not have jurisdiction, and remand this case to state court.

I.  **BACKGROUND**

Alvin Simon founded Sodibar, a beverage dispenser and beverage syrup supply company, in 1948. Compl. ¶¶ 8, 10, ECF No. 4. After almost forty years, Alvin entered into a shareholders' agreement with his wife, Elva Jacqueline Simon (now deceased), and his sons, Brett and Mark Simon, *id.* ¶ 8, and they expanded the Washington, D.C. based-business into Maryland and Virginia with the addition of Sodibar of Richmond and Calevas, *id.* ¶ 9. The Corporations now "supply businesses with beverage dispensers and syrup for the beverages," as well as "wine, beer, liquor, juice and condiment equipment." *Id.* ¶¶ 10-11.

Sodibar is incorporated in Delaware, Sodibar of Richmond is incorporated in Virginia, and Calevas is incorporated in Washington, D.C. *Id.* ¶¶ 3–5. Each of the Corporations has its principal place of business in Maryland. *Id.* At the time he filed the original Complaint, Brett, a citizen of Maryland, was "a shareholder in each of the Companies" and "is also the Trustee of the Voting Trust," under which he had "the exclusive right to vote the shares of stock held by Alvin and Elva Jacqueline Simon." *Id.* ¶¶ 6 & 13. Mark, a Virginia citizen, was a shareholder and a director of the Corporations. *Id.* ¶ 7. He was "Vice-President and co-Treasurer of Sodibar, Vice President of Sodibar of Richmond, and President of Calevas," until September 27, 2013, when he "was stripped of his positions . . . for engaging in self-dealing, waste of corporate assets, breaching his fiduciary duties, and failing to fulfill his duties as a corporate officer." *Id.*

The Corporations and David Brett Simon, derivatively on behalf of the Corporations, filed suit against Mark Simon in the Circuit Court for Prince George's County, Maryland on October 17, 2013. Compl. 1. Mark removed the case to this Court, insisting that the parties in fact were diverse, despite Plaintiff Sodibar of Richmond's and Defendant Mark Simon's

Virginian citizenship, because "Sodibar of Richmond . . . has been fraudulently joined or alternatively misjoined as a plaintiff." Am. Notice of Removal ¶¶ 3, 5 & 7. Mark contends that "Sodibar of Richmond ceased operations on or about July 31, 2012, after its assets were sold to Tidewater Beverage," and that "it has received no income" since that time, and no assets remain. *Id.* Alternatively, Mark asserts that he was not involved in Sodibar of Richmond's "business or financial operations (except to transfer funds from Sodibar to Sodibar of Richmond to cover the company's losses)," and that Plaintiffs do not claim that Mark engaged in misconduct with regard to Sodibar of Richmond. *Id.* Mark also argues that, "with respect to David Brett Simon's derivative suit, . . . . [t]he citizenship of the corporate Plaintiffs [should be] disregarded for purposes of determining diversity of citizenship," and this lawsuit should be "regarded as one between David Brett Simon, a citizen of Maryland, and Mark Simon, a citizen of Virginia," because "there is antagonism between the proper management of the corporate Plaintiffs and David Brett Simon." *Id.* ¶¶ 7 & 9.

Following removal, Plaintiffs filed an Amended Complaint, adding Alvin Simon, a citizen of Maryland, as a defendant. Am. Compl. 1, ECF No. 26. According to Plaintiffs, Alvin is a necessary defendant because he "challenged Brett Simon's exercise of Alvin Simon's voting rights under the February 23, 2010 Voting Trust agreement" by, *inter alia*, allegedly "demand[ing] and obtain[ing] the resignation of Brett Simon from all trusts associated with Elva J. Simon." Pls.' Resp. ¶ 4. Plaintiffs also contend that Alvin "knew about Mark's improper use of corporate funds" and "directed Mark to ignore Brett Simon's demand letter." *Id.* ¶¶ 5 & 14. Indeed, Alvin wrote Brett a letter on November 5, 2013, asserting that "as President of Sodibar Systems of the District of Columbia, Sodibar Systems of Richmond and Calevas Laboratories," he did not "believe it to be in the best interest of the companies that [Brett] be placed in charge of

3

the business." Pls.' Resp. Ex. 1, ECF No. 27-2. Alvin insisted that Brett's "attempt[] to remove [Alvin] as President was not effective, as [Brett did] not have voting rights over any of the shares of any of the companies other than the shares [he] own[ed] directly," because the Shareholders' Agreement "prohibits conveyances of any shares without the advance written consent of all of the shareholders." *Id.* In the letter, Alvin "terminate[d] [Brett's] employment with Sodibar Systems effective immediately," revoked all privileges and access to the Corporations' offices, and agreed for Sodibar to purchase Brett's shares in the Corporation's stock. *Id.*

As for Sodibar of Richmond, Plaintiffs state that "it is currently registered as an active Virginia corporation according to the Commonwealth's Corporation Commission's website," and Plaintiffs "believed it had assets in Virginia" when they filed suit. Pls.' Resp. ¶ 11. Plaintiffs concede that "most of [Sodibar of Richmond's] assets ha[ve] been sold several years ago," but insist that it is "still a valid legal entity" of which Mark Simon is a shareholder. *Id.* ¶ 15. Plaintiffs assert that "Alvin Simon is still taking action on behalf of Sodibar of Richmond," based on Alvin's November 5, 2013 letter to Brett, regarding the businesses. *Id.* ¶ 14. Plaintiffs also maintain that they pleaded that "Mark Simon had engaged in inter-company transactions between the three corporate entities" that were not "'adequately documented.'" *Id.* ¶ 12 (quoting Compl. ¶ 24). Thus, Plaintiffs insist that diversity jurisdiction does not exist because both Alvin Simon and David Brett Simon are citizens of Maryland and both Sodibar of Richmond and Mark Simon are citizens of Virginia. *Id.* ¶¶ 4–5, 11–18. On that basis, Plaintiffs move to remand the case to state court. *Id.* ¶¶ 10, 16–20.

Mark counters that, although Sodibar of Richmond "can legally conduct business, it has been effectively out of business since [the June 2012] sale of assets," such that it "does not have any right to relief from Mark Simon." Def.'s Opp'n 5. Alternatively, Mark argues that, even if

4

Sodibar of Richmond is a proper plaintiff, its citizenship should be disregarded for diversity purposes because "[i]n shareholder derivative suits, the citizenship of a nominal, but indispensable corporation [i.e., Sodibar of Richmond] is ignored if there exists antagonism between the management of the corporation [i.e., Alvin Simon and Mark Simon] and the shareholder bringing suit [i.e., David Brett Simon]." *Id.* at 6 (citing *Doctor v. Harrington*, 196 U.S. 579, 587 (1905); *Beck v. CKD Prana Holding, A.S.*, 999 F. Supp. 652 (D. Md. 1998)). Additionally, Defendant challenges Plaintiffs' Amended Complaint, contending that "[c]ourts have the authority to deny joinder even though a plaintiff has the right to amend the complaint without leave of court." *Id.* at 7–8. Defendant argues that this Court should "deny[] joinder of Alvin Simon and keep[] jurisdiction of this case," which this Court would lose if it permitted joinder. *Id.* at 8.

## II. DISCUSSION

### A. Jurisdiction over the Original Complaint: Whether Sodibar of Richmond is a Proper Plaintiff

Under 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." When a plaintiff files such an action in state court, the action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, even an action that normally would fall under this Court's diversity jurisdiction "may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2). Whether removal is proper must "be determined according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

The doctrine of fraudulent joinder, which the Fourth Circuit has adopted, is relevant to determining whether a court has subject matter jurisdiction over a removed case. *Larson v. Abbott Labs.*, No. ELH-13-554, 2013 WL 5937824, at *11 (D. Md. Nov. 5, 2013) (citing *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999)).

> Fraudulent joinder occurs when "'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [when] there has been outright fraud in the plaintiff[']s pleading of jurisdictional facts.'" In such a case, the doctrine permits a court to "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."

*Id.* (quoting *Mayes*, 198 F.3d at 464) (additional citations omitted) (emphasis omitted). Thus, the doctrine "prevents a plaintiff from adding a non-diverse defendant solely for the purpose of defeating federal diversity jurisdiction." *Id.* The doctrine also applies when a plaintiff includes a non-diverse *plaintiff* to defeat diversity jurisdiction. *See E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574 (4th Cir. 2013) (applying fraudulent joinder doctrine to joinder of non-diverse plaintiff); *Almond v. Pfizer*, No. 1:13-cv-25168, 2013 WL 6729438, at *5 (S.D. W. Va. Dec. 19, 2013) (same); *Mylan Pharms. Inc. v. PG Publ'g Co.*, No. 1:09CV138, 2009 WL 5195865, at *2 (N.D. W. Va. Dec. 18, 2009) (stating that, "[a]lthough the Fourth Circuit has not recognized a claim for fraudulent joinder of an allegedly improper plaintiff, the Court . . . can see no logic in prohibiting plaintiffs from defeating diversity jurisdiction by fraudulently joining nondiverse defendants, but allowing them to do so through fraudulently joining nondiverse plaintiffs") (quotation marks and citation omitted)).

Similarly, the less-widely accepted doctrine of fraudulent misjoinder "was also created to prevent plaintiffs from improperly defeating diversity jurisdiction." *Larson*, 2013 WL 5937824, at *11.

> Courts have found fraudulent misjoinder when a plaintiff includes "claims against certain defendants [that], while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." In other words, a plaintiff has fraudulently misjoined a defendant whose presence defeats diversity jurisdiction when the claims against that defendant, although with merit, are not connected to the claims against the other, diverse defendants. As with fraudulent joinder, the fraudulent misjoinder doctrine permits federal district courts "to disregard the citizenship of non-diverse parties and retain jurisdiction."

*Id.* (quoting *Stephens v. Kaiser Found. Health Plan of the Mid–Atl. States, Inc.*, 807 F. Supp. 2d 375, 379 (D. Md. 2011)). Because all of the Corporations assert the same claims, it necessarily is fraudulent joinder, not fraudulent misjoinder, that Defendant alleges. *See id.*

To establish fraudulent joinder and remove a case despite facial non-diversity, the defendant "'must establish either: that there is no possibility that the [non-diverse] plaintiff would be able to establish a cause of action against the . . . defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" *Turner v. JP Morgan Chase Bank, N.A.*, No. 13-1611, 2013 WL 5663935, at *1 (4th Cir. Oct. 18, 2013) (quoting *Mayes*, 198 F.3d at 464 (internal quotation marks and citation omitted)). However, "a [non-diverse] plaintiff's claim against [the] defendant 'need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.'" *Id.* (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993)). Establishing fraudulent joinder "'is a heavy burden'" on the defendant because, in analyzing the issue, the court "'must resolve all legal and factual issues in the plaintiff's favor.'" *Id.* (quoting *Mayes*, 198 F.3d at 464); *see Cook v. Nationwide Ins. Co.*, 962 F. Supp. 2d 807, 2013 WL 4505583, at *3 (D. Md. Aug. 23, 2013) ("[T]o defeat removal

based on the doctrine of fraudulent joinder, a plaintiff need only show a 'glimmer of hope' or 'a slight possibility of a right to relief.'" (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999))).

Here, Mark Simon has established that Plaintiff Sodibar of Richmond has no assets remaining. *See* Mark Simon Dep. 201:13 – 202:19, ECF No. 37-1. Also, Sodibar of Richmond is a Virginia corporation, and under Virginia law, although "[a] dissolved corporation continues its corporate existence," it "may not carry on any business except that appropriate to wind up and liquidate its business and affairs . . . ." Va. Code Ann. § 13.1-745. Yet, Mark's testimony shows that Sodibar of Richmond has not been dissolved, but rather is still a corporation in good standing that can "[l]egally conduct business." Mark Simon Dep. 203:17 – 204:4. Although, in Mark's view, the fact that Sodibar of Richmond "has been effectively out of business since [the June 2012] sale of assets" means that it "does not have any right to relief from Mark Simon," Def.'s Opp'n 5, Mark has not cited any authority, controlling or otherwise. Thus, Mark has not carried his burden of establishing fraudulent joinder based on Sodibar of Richmond's alleged inability to sue him due to its minimal corporate activity.

Mark also argues that Plaintiffs failed to allege "any misappropriation by Mark Simon of funds or assets from Sodibar of Richmond or any self dealing between Mark Simon and Sodibar of Richmond." Am. Notice of Removal ¶ 7. Although such a shortcoming in pleadings could be grounds for a motion to dismiss, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), it does not establish fraudulent joinder, for which there must be "no possibility" of an action against the defendant by the non-diverse plaintiff. *Mayes*, 198 F.3d at 464; *see Turner*, 2013 WL 5663935, at *1. Additionally, Plaintiffs claim that "Mark Simon breached his duty to the Companies and engaged in self-dealing when he . . . failed to maintain corporate formalities," Compl. ¶¶ 35, 41

& 46, such as by "'caus[ing] the Companies to engage in intercompany transfers that have not been adequately documented or reflected on the books and records of either company," including "$43,888.17 in accounts receivable for Sodibar of Richmond," *id.* ¶ 24. Thus, Plaintiffs have, at a minimum, shown the possibility of a cause of action by Sodibar of Richmond against Mark Simon. *See Mayes*, 198 F.3d at 464; *Turner*, 2013 WL 5663935, at *1.

Additionally, Mark's reliance on *Doctor v. Harrington*, 196 U.S. 579 (1905), and *Beck v. CKD Prana Holding, A.S.*, 999 F. Supp. 652 (D. Md. 1998), is misplaced insofar as Mark contends that Sodibar of Richmond should be disregarded for diversity purposes. In *Beck*, this Court noted that, in shareholder derivative actions, the test "to determine whether a nominal, but indispensable, corporate defendant defeats diversity jurisdiction . . . . is whether antagonism exists between the management of the corporation and the shareholder bringing suit." 999 F. Supp. at 655 (citing *Doctor*, 196 U.S. at 587). "Antagonism exists whenever the parties in control of the corporation defend a course of conduct attacked by the stockholder plaintiff." *Id.* (citing *Smith v. Sperling*, 354 U.S. 91, 95 (1957); 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3607, at 442–445). The *Beck* Court explained that, where such antagonism exists, "the suit may proceed in federal court" because "the nominal corporation is essentially disregarded, and the Court focuses on the parties to the controversy at issue." *Id.* Notably, "the proper course is not to try out the issues presented by the charges of wrongdoing but to determine the issue of antagonism on the face of the pleadings and by the nature of the controversy." *Smith*, 354 U.S. at 96.

Here, according to the original Complaint, Defendant Mark Simon was not the majority shareholder at the time Plaintiffs filed suit. Nor was Plaintiff Brett Simon a minority shareholder. Rather, Brett "exercises voting rights of . . . 75.5 perfect of the company stock" for

9

Sodibar Systems Inc. and "exercises the majority stock in Sodibar Systems of Richmond and in Calevas directly as a shareholder and indirectly as Trustee of Alvin and Jacqueline's (his parent's) shares," Compl. ¶ 6, while Mark "is a shareholder, a director, and a former corporate officer of the Companies" who was "stripped of his positions" as "Vice-President and co-Treasurer of Sodibar, Vice President of Sodibar of Richmond, and President of Calevas," *id.* ¶ 7. Further, Brett did not bring suit to change the course of the corporations' actions but rather to seek compensatory damages for past actions that Mark allegedly committed. Compl. ¶¶ 16–27. Brett claims that Mark himself committed fraud, constructive fraud, and negligent breach of fiduciary duty against the companies by "engag[ing] in self-dealing" and "purposefully conceal[ing] his actions from the other shareholders." *Id.* ¶¶ 35–36; *see id.* ¶¶ 41–42, 46–47, Therefore, Mark has not shown that antagonism exists. *See Beck*, 999 F. Supp. at 655.

Moreover, Sodibar of Richmond cannot be disregarded for jurisdictional purposes as a nominal corporation because it simply is not nominal. A "nominal party" is one that, "having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects." *Black's Law Dictionary* 917 (Bryan A. Garner ed., abridged 7th ed., West 2000). Here, as one of the Plaintiffs, Sodibar of Richmond seeks, under three separate counts, judgment against Mark Simon "for compensatory damages in excess of $75,000." Compl. 12, 13 & 14. Thus, a judgment in its favor on any of those counts would affect Sodibar of Richmond, as it would receive a monetary award. *See id.*; *Black's Law Dictionary* 917.

In sum, Defendant Mark Simon has not shown that there is no possibility that Sodibar of Richmond could have a cause of action against Mark Simon, or that antagonism exists, or that Sodibar of Richmond is a nominal corporation. *See Mayes*, 198 F.3d at 464; *Turner*, 2013 WL

5663935, at *1; *Beck*, 999 F. Supp. at 655. Therefore, Sodibar of Richmond is a proper plaintiff, there is no fraudulent joinder, and this Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Larson*, 2013 WL 5937824, at *11.

### B. Whether Alvin Simon is a Necessary Plaintiff

Even if this Court had jurisdiction at the time of removal, the case nonetheless would be remanded due to Plaintiffs' Amended Complaint, which adds Alvin Simon, a Maryland resident, as a non-diverse but necessary defendant, thereby destroying jurisdiction. *See* 28 U.S.C. § 1447(e); *Mayes v. Rapoport*, 198 F.3d 457, 462 & n.10 (4th Cir. 1999) (discussing 28 U.S.C. § 1447(e)). 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Notably, "the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." *Mayes*, 198 F.3d at 462; *see id.* at 462 n.10 ("Legislative history reinforces that Congress intended district courts to have only these two options. In fact, Congress considered and rejected a proposal that would have permitted district courts to join the non-diverse defendant and retain jurisdiction over the case." (citation omitted)).

Certainly, Plaintiffs filed their Amended Complaint before Defendant Mark Simon filed either an answer or a motion to dismiss, such that Rule 15(a)(1) permitted the amendment as a matter of course. *See* Fed. R. Civ. P. 15(a)(1); *Horne v. Doe*, No. WDQ-11-2787, 2012 WL 4009887, at *1 n.5 (D. Md. Sept. 5, 2012) ("[U]nder Rule 15(a)(1)(B), a party has an absolute right to amend its complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f)." (citation and quotation marks omitted)). But, the Fourth Circuit has stated that "a district court

has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court." *Mayes*, 198 F.3d at 462 n.11. Significantly, whether to permit joinder under 28 U.S.C.§ 1447(e) "is committed to the sound discretion of the district court," and "th[e] decision is not controlled by a Rule 19 analysis," which allows the court less flexibility. *Id.* at 462 (citing 14C *Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Fed. Prac. & Proc.* § 3739, at 445 (3d ed. 1998)).

> In exercising its discretion under Section 1447(e), the district court [i]s entitled to consider all relevant factors, including: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant.

*Mayes*, 198 F.3d at 462–63 (citations omitted). Although the doctrine of fraudulent joinder "does not directly apply after removal, . . . if the defendants can carry the heavy burden of proving fraudulent joinder, that fact should be a factor—and perhaps the dispositive factor—that the court considers in deciding whether a plaintiff may join a nondiverse defendant." *Id.* at 463.

Here, Plaintiffs' amendment is far from dilatory; Plaintiffs filed it before Defendant Mark Simon responded to their Complaint. *See id.* at 462–63. Although the timing, which coincided with briefing the jurisdictional issue, calls into question whether "'the purpose of the amendment is to defeat federal jurisdiction,'" it is clear that Defendant cannot "carry the heavy burden of proving fraudulent joinder." *See id.* (citation omitted). Rather, it is evident that Plaintiffs needed to include Alvin Simon to prevent significant injury to their interests, as Alvin Simon is a necessary party. *See id.* Indeed, Alvin Simon is President of the three corporations and allegedly "demanded and obtained the resignation of Brett Simon from all trusts associated with Elva J. Simon"; "knew about Mark [Simon]'s improper use of corporate funds"; and "directed

12

Mark to ignore Brett Simon's demand letter." Pls.' Resp. ¶¶ 4–5 & 14 & Ex. 1. Thus, this case cannot be litigated properly without Alvin Simon's inclusion. Balancing these factors, it is evident that amendment would have to be permitted. *Mayes*, 198 F.3d at 462–63. Consequently, the case must be remanded to state court. *See* 28 U.S.C. § 1447(e).

### III. CONCLUSION

Defendant Mark Simon has not demonstrated that Sodibar of Richmond is not a proper plaintiff, and therefore has not established fraudulent joinder or shown that this Court should disregard Sodibar of Richmond for jurisdictional purposes. *Mayes*, 198 F.3d at 464. Moreover, Alvin Simon is a necessary, non-diverse defendant, and this Court permits Plaintiffs' amendment to add Alvin as a defendant. *Id.* at 462–63. Thus, because both Sodibar of Richmond, as a Plaintiff, and Mark Simon as Defendant are citizens of Virginia, and also because Defendant Alvin Simon and all Plaintiffs are citizens of Maryland, there is not complete diversity. Consequently, this Court lacks jurisdiction and must remand the case to state court.

A separate order will follow.

Dated: March 26, 2014            /S/
                                 Paul W. Grimm
                                 United States District Judge

lyb